Name Joanna Ardalan   (SBN 285384)

Address 9301 Wilshire Blvd., Penthouse Suite

City, State, Zip Beverly Hills, CA 90210

Phone (310)- 437-8665

Fax (310) 943-2085

E-Mail jardalan@onellp.com

☐ FPD   ☐ Appointed   ☐ CJA   ☐ Pro Per   ☒ Retained

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC., a California corporation,<br><br>PLAINTIFF(S),<br><br>v.<br><br>MODERN NOTORIETY INC., an Illinois corporation; OSCAR CASTILLO, an individual; and DOES 1-10, inclusive,<br>DEFENDANT(S). | CASE NUMBER:<br>CV 21-03318-RSWL- (PDx)<br><br><br>**NOTICE OF APPEAL** |

NOTICE IS HEREBY GIVEN that Backgrid USA, Inc _____ hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**                     **Civil Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]      ☒ Order (specify): Minute Order Granting
☐ Conviction and Sentence                F ghgpf cpwø'O qvkqp"q'F kuo kuu'Htcv'Co gpf gf
☐ Sentence Only (18 U.S.C. 3742)              Complaint
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals                  ☐ Judgment (specify):
☐ Sentence imposed:

                            ☐ Other (specify):
☐ Bail status:

Imposed or Filed on _____ . Entered on the docket in this action on 09/25/2021.

A copy of said judgment or order is attached hereto.

October 8, 2021 _____        /s/ Joanna Ardalan _____

Date                          Signature
                            ☐ Appellant/ProSe   ☒ Counsel for Appellant   ☐ Deputy Clerk

**Note:**  The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the
attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number
of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| BACKGRID USA, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MODERN NOTORIETY INC., an Illinois corporation; OSCAR CASTILLO, an individual; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | CV 21-03318-RSWL-(PDx)<br><br>**ORDER re: Defendant Oscar Castillo's Motion to Dismiss** [17] |

　　Plaintiff BackGrid USA, Inc. ("Plaintiff") brings this action for copyright infringement against Defendants Modern Notoriety Inc. ("Corporate Defendant") and Oscar Castillo ("Defendant Castillo") (collectively, "Defendants").  Before the Court is Defendant Castillo's Motion for Dismissal Under Rule 12(b)(1) Due to Lack of Personal Jurisdiction and Improper Venue Under FRCP 12(b)(2) and 12(b)(3) (the "Motion") [17].

1

1  Having reviewed all papers submitted pertaining to
2  the Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:**
3  the Court **GRANTS** Defendant Castillo's Motion for
4  improper venue under Rule 12(b)(3) and **DENIES as moot**
5  Defendant Castillo's remaining grounds for dismissal.

6  **I.  BACKGROUND**

7  **A.  <u>Factual Background</u>**

8  The following allegations are taken from
9  Plaintiff's Complaint.

10  Plaintiff is a California corporation with its
11  principal place of business in Redondo Beach,
12  California.  Compl. ¶ 3, ECF No. 1.  Plaintiff owns and
13  operates one of Hollywood's largest celebrity photograph
14  agencies.  <u>Id.</u> ¶ 7.  Plaintiff owns the intellectual
15  property rights to celebrity photographs that have been
16  licensed to prominent media outlets throughout the
17  world.  <u>Id.</u>

18  Corporate Defendant is an Illinois corporation with
19  its principal place of business in Chicago, Illinois.
20  <u>Id.</u> ¶ 4.  Defendant Castillo, an individual residing in
21  Chicago, is the founder and editor-in-chief of Corporate
22  Defendant.  <u>Id.</u> ¶ 5.  Corporate Defendant owns,
23  operates, and controls modern-notoriety.com (the
24  "Website"), which is dedicated to athletic shoes.  <u>Id.</u>
25  ¶ 10.  It also features an online shop that sells Modern
26  Notoriety-branded streetwear.  <u>Id.</u>  To promote its
27  website and shop, Corporate Defendant operates and
28  controls an Instagram account that links back to the

2

website and drives traffic to the website's banner advertisements and online shop that generate revenue to Defendants.  Id.

Plaintiff alleges that Defendants infringed Plaintiff's copyrights to seven of Plaintiff's photographs (the "Subject Photographs") by posting them on Corporate Defendant's Website and social media account without Plaintiff's permission.  Id. ¶¶ 11, 19. Defendant Castillo is credited as the author of the allegedly infringing posts.  Id. ¶ 11.  Plaintiff further alleges that Defendants encourage their fans to "share" the photographs by uploading the Subject Photographs to their account.  Id. ¶ 12.

**B.   Procedural Background**

Plaintiff filed its Complaint [1] against Defendants on April 16, 2021, alleging copyright infringement in violation of 17 U.S.C. § 501.

On May 19, 2021, Defendants filed the present Motion [17].  The Court struck [18] the Motion as to Corporate Defendant on June 4, 2021, on the grounds that Corporate Defendant cannot appear *pro se*.  Plaintiff filed its Opposition [19] on June 15, 2021.  Defendant Castillo filed his Reply [21] on June 22, 2021.

## II.   LEGAL STANDARD

**A.   Personal Jurisdiction**

Federal Rule of Civil Procedure ("Rule") 12(b)(2) provides a basis for moving to dismiss a claim for lack of personal jurisdiction.  Fed. R. Civ. P. 12(b)(2).

Once personal jurisdiction is challenged, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate.  See, e.g., Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008); Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006).  Where the motion is "based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts" to survive dismissal.  Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1223 (9th Cir. 2011).

"The plaintiff cannot 'simply rest on the bare allegations of [the] complaint,' but uncontroverted allegations in the complaint must be taken as true."  Id. (quoting Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004)).  If, however, the defendant presents evidence contradicting the allegations in the complaint, the plaintiff must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction."  Barantsevich v. VTB Bank, 954 F. Supp. 2d 972, 982 (C.D. Cal. 2013) (quoting Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986)).  "[D]isputed allegations in the complaint that are not supported with evidence or affidavits cannot establish jurisdiction[.]"  AMA Multimedia, LLC v. Wanat, 970 F.3d 1201, 1207 (9th Cir. 2020).  Although the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit," factual disputes must be resolved in the plaintiff's favor.  Mavrix Photo, 647

1  F.3d at 1223 (citations omitted).

2      "Personal jurisdiction over [a nonresident]

3  defendant is proper where permitted by a long-arm

4  statute and where the exercise of jurisdiction does not

5  violate federal due process." AMA Multimedia, 970 F.3d

6  at 1207 (citing Pebble Beach, 453 F.3d at 1154).  Where

7  no applicable federal statute governs personal

8  jurisdiction, "the district court applies the law of the

9  state in which the court sits." Mavrix Photo, 647 F.3d

10 at 1223.  "Because 'California's long-arm statute allows

11 the exercise of personal jurisdiction to the full extent

12 permissible under the U.S. Constitution,' our inquiry

13 centers on whether exercising jurisdiction comports with

14 due process." Picot v. Weston, 780 F.3d 1206, 1211 (9th

15 Cir. 2015) (quoting Daimler AG v. Bauman, 571 U.S. 117,

16 125 (2014)); see Cal. Code Civ. Proc. § 410.10.

17     Constitutional due process requires that a

18 nonresident defendant have "certain minimum contacts

19 with [the forum state] such that the maintenance of the

20 suit does not offend 'traditional notions of fair play

21 and substantial justice.'" Goodyear Dunlop Tires

22 Operations, S.A. v. Brown, 564 U.S. 915, 923 (2011)

23 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316

24 (1945)).  Depending on the nature and extent of the

25 defendant's contacts with the forum state, a court may

26 exercise either general or specific jurisdiction.

27 Bristol-Myers Squibb Co. v. Super. Ct. of Cal., 137 S.

28 Ct. 1773, 1780 (2017).  General jurisdiction exists when

the defendant's contacts "are so continuous and systematic as to render [it] essentially at home in the forum State." Daimler, 571 U.S. at 139 (internal quotation marks and citation omitted).  By contrast, specific jurisdiction exists when the suit "aris[es] out of or relate[s] to the defendant's contacts with the forum." Id. at 127 (citations omitted).

**B.   Improper Venue**

Under Rule 12(b)(3), a defendant may move to dismiss on the basis of improper venue.  Fed. R. Civ. P. 12(b)(3).  Once a defendant raises an objection to venue, the plaintiff bears the burden of establishing that venue is proper.  See Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979). In the context of a Rule 12(b)(3) motion, the court need not accept the allegations in the complaint as true and may consider facts outside the pleadings.  See Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1137 (9th Cir. 2004).  If the court determines that venue is improper, the court must either dismiss the action or, if it is in "the interest of justice," transfer it "to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Whether to dismiss an action for improper venue, or alternatively to transfer venue to a proper court, is entirely within the discretion of the district court.  See King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992).
///

### III. DISCUSSION

Defendant Castillo moves to dismiss on three grounds: (1) he is not subject to personal jurisdiction in California; (2) venue is improper; and (3) his use of the Subject Photographs is de minimis or constitutes fair use. See generally Mot. & Castillo Decl. 1, ECF No. 17. Because the Court concludes that venue is improper in the Central District of California, it does not reach Defendant Castillo's other arguments.

For copyright actions, venue is proper "in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). The Ninth Circuit "interprets this provision to allow venue in any judicial district where, if treated as a separate state, the defendant would be subject to personal jurisdiction." Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1126 (9th Cir. 2010) (citation omitted). The Court thus considers whether Defendant Castillo would be subject to personal jurisdiction in this district to determine whether venue is proper.

### A. General Jurisdiction

"The standard for general jurisdiction 'is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world.'" Mavrix Photo, 647 F.3d at 1224 (quoting Schwarzenegger, 374 F.3d at 801). A plaintiff must show that a nonresident defendant's

7

contacts are "so continuous and systematic as to render [it] essentially at home in the forum State." Daimler, 571 U.S. at 139 (internal quotation marks and citations omitted). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile . . . ." Id. at 137 (quoting Goodyear, 564 U.S. at 924).

There is no dispute that Defendant Castillo resides in Chicago, Illinois. See Compl. ¶ 5; Mot. & Castillo Decl. 1. Plaintiff argues that Defendant Castillo is amenable to general jurisdiction because the Website contains advertisements directed to Southern California residents and Defendant Castillo uses the Website to solicit Southern California customers and users. See Opp'n 7:11-8:6, ECF No. 19.

These contacts are insufficient to establish general jurisdiction over Defendant Castillo. Although third parties use Defendant Castillo's Website to advertise Southern California law firms, health care services, and other businesses, see Ardalan Decl. Ex. A, ECF No. 19-2, Defendant Castillo "does not 'solicit[] . . . business in the state' by carrying those advertisements." Mavrix Photo, 647 F.3d at 1225 (quoting Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000), overruled in part on other grounds by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1207 (9th Cir. 2006) (en banc)). Rather, Defendant Castillo

allows those third parties to solicit business by taking advantage of his existing user base.  See id.  "Evidence that a nonresident defendant advertises in a forum is significant for general jurisdiction when the defendant markets its own product by targeting forum residents, . . . but has less significance for general jurisdiction when other entities use the defendant's publication to promote their own businesses."  Id. at 1225-26 (internal citations omitted).

That Defendant Castillo's Website and social media accounts have Southern California customers and "followers" is likewise insufficient.  See Opp'n 7:11-8:6; Ardalan Decl. Ex. B, ECF No. 19-3; Compl. ¶ 2.  "[O]ccasional sales to forum residents by a nonresident defendant do not suffice to establish general jurisdiction."  Mavrix Photo, 647 F.3d at 1226 (internal quotation marks and citations omitted); see Ranza v. Nike, Inc., 793 F.3d 1059, 1070 (9th Cir. 2015) ("[T]he general jurisdiction inquiry examines a [nonresident defendant]'s activities worldwide—not just the extent of its contacts in the forum state—to determine where it can be rightly considered at home." (citing Daimler, 571 U.S. at 139 n.20)).  In addition, the fact that Defendant Castillo's universally accessible social media account has some "followers" in the Southern California area is merely fortuitous and does not support general jurisdiction.  See Sussman v. Playa Grande Resort, S.A. de C.V, 839 F. App'x 166, 168 (9th Cir. 2021) ("[The

9

defendant]'s website is accessible to people all over the world and does not establish general jurisdiction in California simply because California residents can access it." (citing <u>Schwarzenegger</u>, 374 F.3d at 801)). Contrary to Plaintiff's position, it is not enough that a nonresident defendant "engage in 'continuous and systematic general business contacts' within the forum state." Opp'n 7:7-19. Instead, the nonresident defendants' contacts must be "so 'continuous and systematic' as to render [him] essentially at home" in the forum. <u>Daimler</u>, 571 U.S. at 139 (quoting <u>Goodyear</u>, 564 U.S. at 919).

Defendant Castillo has virtually no contacts with California or this district. <u>See</u> Mot. & Castillo Decl. ¶¶ 1-10. Defendant Castillo has no paid employees, agents, or representatives in California. <u>Id.</u> ¶ 2. Nor does he have financial accounts, business activity, leases, phones, property, or other presence in California. <u>Id.</u> ¶ 8. Defendant Castillo has never been to California in connection with the Website or business, only having visited for occasional vacation travel. <u>Id.</u> ¶ 9. Accordingly, the Court concludes that the exercise of general jurisdiction over Defendant Castillo would not be appropriate in this forum.

**B.    Specific Jurisdiction**

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the

forum, and the litigation." Walden v. Fiore, 571 U.S.
277, 283-84 (2014) (internal quotation marks and
citations omitted).  For the assertion of specific
jurisdiction to comport with due process, "the
defendant's suit-related conduct must create a
substantial connection with the forum State."  Id. at
284.  The Ninth Circuit has established three
requirements for a court to assert specific jurisdiction
over a nonresident defendant:

> (1) the defendant must either "purposefully
> direct his activities" toward the forum or
> "purposefully avail[ ] himself of the
> privileges of conducting activities in the
> forum"; (2) "the claim must be one which
> arises out of or relates to the defendant's
> forum-related activities"; and (3) "the
> exercise of jurisdiction must comport with
> fair play and substantial justice, i.e. it
> must be reasonable."

Axiom Foods, Inc. v. Acerchem Int'l, Inc., 874 F.3d
1064, 1068 (9th Cir. 2017) (quoting Dole Foods Co., Inc.
v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002)).  The
plaintiff bears the burden of establishing the first two
prongs of the test.  Id.  "If the plaintiff meets that
burden, 'the burden then shifts to the defendant to
"present a compelling case" that the exercise of
jurisdiction would not be reasonable.'"  Id. at 1068-69
(quoting Schwarzenegger, 374 F.3d at 802).

    1.  Purposeful Direction

    Because this action involves copyright
infringement, which sounds in tort, the purposeful
direction analysis applies here.  See Mavrix Photo, 647

1  F.3d at 1228.  Purposeful direction is analyzed under
2  the "effects" test drawn from Calder v. Jones, 465 U.S.
3  783 (1984).  See Axiom Foods, 874 F.3d at 1069.  Under
4  this test, Plaintiff must show that Defendant Castillo
5  "(1) committed an intentional act, (2) expressly aimed
6  at the forum state, (3) causing harm that the defendant
7  knows is likely to be suffered in the forum state."  Id.
8  (citation omitted).  All three requirements must be met
9  for specific jurisdiction to attach.  See Picot, 780
10 F.3d at 1215 n.4.

11         a.  *Intentional Act*

12     A defendant commits an intentional act "when he
13 acts with 'an intent to perform an actual, physical act
14 in the real world, rather than an intent to accomplish a
15 result or consequence of that act.'"  AMA Multimedia,
16 970 F.3d at 1209 (quoting Schwarzenegger, 374 F.3d at
17 806).  Here, Plaintiff alleges that Defendant Castillo
18 created copies of the Subject Photographs and published
19 them on his Website and social media accounts.  Compl.
20 ¶ 11; Opp'n 3:15-22.  Defendant Castillo does not
21 dispute that he engaged in these acts but contends that
22 he obtained the Subject Photographs from other people,
23 not Plaintiff, and properly credited those sources in
24 his reposting.  Mot. & Castillo Decl. ¶¶ 11-16.  In the
25 context of the effects test, however, Defendant Castillo
26 need not intend to infringe Plaintiff's copyrights to
27 commit an intentional act; it suffices that Defendant
28 Castillo acted intentionally in copying and reposting

the Subject Photographs.  See <u>Schwarzenegger</u>, 374 F.3d
at 806; <u>Mavrix Photo</u>, 647 F.3d at 1229 ("There is no
question that [the defendant] acted intentionally
reposting the allegedly infringing photos . . . .").
The first prong is thus satisfied.

   b.  *Expressly Aimed*

 The second prong of the effects test asks whether
Defendant Castillo's acts were "expressly aimed at the
forum." <u>Pico</u>, 780 F.3d at 1214.  Plaintiff must show
that California—and, for the venue inquiry, this
district—was a "focal point both of [Defendant
Castillo's actions] and of the harm suffered." <u>Axiom
Foods</u>, 874 F.3d at 1071 (quoting <u>Walden</u>, 571 U.S. at
287).  Plaintiff fails to meet its burden here.

 First, Plaintiff appears to argue that the express
aiming prong is met because Defendant Castillo posted
the Subject Photographs on interactive websites.
Plaintiff describes Defendant Castillo's Twitter and
Instagram accounts as "highly interactive" websites that
solicit comments and "retweets" by other users.  <u>See</u>
Opp'n 4:3-5.  Plaintiff suggests that the Website is
likewise interactive because it solicits California
consumers to follow Defendants' social media accounts;
California consumers in fact follow those other social
media accounts; the Website solicits consumers to
comment on it; and, in doing so, consumers provide their
name, e-mail address, and website.  <u>See</u> <u>id.</u> at 4 n.2.
///

However, the websites' alleged level of
interactivity alone is insufficient to establish express
aiming.  See Cybersell, Inc. v. Cybersell, Inc., 130
F.3d 414, 419 (9th Cir. 1997) (emphasis added) ("[T]he
*likelihood* that personal jurisdiction can be
constitutionally exercised is directly proportionate to
the nature and quality of commercial activity that an
entity conducts over the Internet." (quoting Zippo Mfg.
Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1124
(W.D. Pa. 1997))); Wonderful Co. LLC v. Nut Cravings
Inc., No. 2:20-CV-11738-SVW-JEM, 2021 WL 3598859, at *3
(C.D. Cal. Apr. 22, 2021) ("More recent Ninth Circuit
case law makes clear that interactivity, whatever its
role, is only one among many factors considered as part
of the express aiming test." (citing Mavrix Photo, 647
F.3d at 1229)).  "For an interactive website to confer
personal jurisdiction, a plaintiff must allege
'something more.'"  ThermoLife Int'l, LLC v.
NetNutri.com LLC, 813 F. App'x 316, 318 (9th Cir. 2020).
"Operating a universally accessible website alone cannot
satisfy the express aiming prong."  Spy Optic, Inc. v.
AreaTrend, LLC, 843 F. App'x 66, 68 (9th Cir. 2021); see
Mavrix Photo, 647 F.3d at 1231 ("Not all material placed
on the Internet is, solely by virtue of its universal
accessibility, expressly aimed at every state in which
it is accessed.").  "[A] plaintiff must also show that
the website 'directly target[ed] the forum.'"  Sky
Optic, 843 F. App'x at 68 (quoting AMA Multimedia, 970

14

1  F.3d at 1210).

2    Plaintiff next contends that Defendant Castillo has

3  done "something more" to target Southern California

4  residents, submitting evidence of advertisements for a

5  Southern California law firm and health care services

6  found on the Website.  See Opp'n 4:16-5:13; Ardalan

7  Decl. Ex. A.  According to Plaintiff, Defendant Castillo

8  "exploited the personal and private information of

9  Southern California residents for [his] own benefit"

10  because these advertisements solicited Southern

11  California consumers and resulted in revenue for

12  Defendant Castillo.  Opp'n 5:8-11.

13    A defendant can be said to have "expressly aimed"

14  at a forum where its website "with national viewership

15  and scope appeals to, and profits from, an audience in

16  [that forum]."  Mavrix Photo, 647 F.3d at 1231; see Sky

17  Optic, 843 F. App'x at 68 ("A defendant directly targets

18  a forum when its website 'appeals to, and profits from,

19  an audience in [that] state.'" (quoting Mavrix Photo,

20  647 F.3d at 1231)).  While the advertisements may show

21  that Defendant Castillo "profits from" viewers in

22  Southern California, there is no suggestion that the

23  Website "appeals to" a Southern California audience.

24  See AMA Multimedia, 970 F.3d at 1211 n.7.  Plaintiff

25  alleges that the Website is "dedicated to athletic

26  shoes, especially new releases from top brands" and

27  features an online shop that sells branded streetwear.

28  Compl. ¶ 10.  Nothing indicates that the Website has a

Southern California-specific focus or appeals to a significant Southern California audience.  See <u>Mavrix</u>, 647 F.3d at 1230 (finding the express aiming prong satisfied where the operator of a website with "a specific focus on the California-centered celebrity and entertainment industries" used the plaintiff's copyrighted photos "as part of its exploitation of the California market for its own commercial gain," and the California audience was "an integral component of [the website operator]'s business model and its profitability").

In addition, the fact that Defendant Castillo's Website and social media accounts have some Southern California consumers and followers is insufficient to show that Defendant Castillo expressly aimed his intentional acts at the Southern California market.  <u>See</u> <u>AMA Multimedia</u>, 970 F.3d at 1211 (holding that a foreign adult film website operator had not expressly aimed content at the U.S. market even though nearly 20% of the website's users were in the United States where the website "lack[ed] a forum-specific focus"); <u>Headspace</u> <u>Int'l, LLC v. New Gen Agric. Servs., LLC</u>, No. CV-16-3917-RGK (GJSx), 2016 WL 9275781, at *4 (C.D. Cal. Nov. 15, 2016) (finding contact with California citizens through social media accounts to be insufficient to establish express aiming at California).

Moreover, Defendant Castillo avers that he did not choose, control, or display the advertisements found on

16

the Website.  Reply & Supporting Decl. 2, ECF No. 21.

Rather, the underlying browser or platform selects the

advertisements displayed to a user "based upon their

tracking of the user's search history, cookies and

location."  Id.  The Supreme Court "made clear that the

third-party advertiser's behavior cannot be attributed

to the defendant as a contact." AMA Multimedia, 970

F.3d at 1211 n.6 (citing Walden, 571 U.S. at 284).

Because the targeted advertisements are selected by a

third party, their geographic focus cannot support a

finding that Defendant Castillo expressly aimed its

intentional acts at Southern California.  See Walden,

571 U.S. at 284 ("We have consistently rejected attempts

to satisfy the defendant-focused 'minimum contacts'

inquiry by demonstrating contacts between the plaintiff

(or third parties) and the forum State."); AMA

Multimedia, 970 F.3d at 1211 (stating that geo-located

advertisements provided by a third party do not

establish that the defendant expressly aimed at the

forum, as such advertisements "are *always* directed at

the forum" and the defendant "does not personally

control the advertisements shown on the site").

Plaintiff also argues that the express aiming

requirement is satisfied because Defendant Castillo

posted the Subject Photographs on Twitter and Instagram—

California companies whose terms and conditions prohibit

infringement and are subject to California law.  See

Opp'n 4:3-7, 5:13-15; Compl. ¶ 2.  The Court disagrees.

Evidence that Defendant Castillo utilized the services of California-based internet companies to allegedly infringe Plaintiff's copyrights does not establish express aiming at California.  See Werner v. Dowlatsingh, 818 F. App'x 671, 673 n.2 (9th Cir. 2020) ("Uploading a video to YouTube—which has its headquarters in San Bruno, California—is not an act expressly aimed at California simply because the company is based in the state."); Brophy v. Almanzar, 359 F. Supp. 3d 917, 925 (C.D. Cal. 2018) (collecting cases). Further, "[Defendant Castillo]'s contracts with third parties about choice of law, jurisdiction, and venue have nothing to do with whether it directed its tortious activities towards an entity not a party to those agreements."  Good Job Games Bilism Yazilim Ve Pazarlama A.S. v. SayGames LLC, 458 F. Supp. 3d 1202, 1210-11 (N.D. Cal. 2020); accord Voodoo SAS v. SayGames LLC, No. 19-CV-07480-BLF, 2020 WL 3791657, at *5 (N.D. Cal. July 7, 2020).  A choice of law provision stating that California law governs does not establish proper venue here.  See Amberger v. Legacy Cap. Corp., No. 16-cv-05622-JSC, 2017 WL 264078, at *3 (N.D. Cal. Jan. 20, 2017) ("A forum selection clause determines where the case will be heard, it is separate and distinct from choice of law provisions . . . .").  And to the extent that Plaintiff relies on jurisdiction and forum selection clauses in third-party websites' terms and conditions, see Opp'n 8:11-14, such reliance is

unavailing.  Defendant Castillo's acceptance of a third party's terms and conditions may be sufficient to establish his consent to personal jurisdiction in a dispute between Defendant Castillo and the third party, but it is alone insufficient to confer personal jurisdiction over Defendant Castillo in an action brought by Plaintiff.[1]  See Melendez v. Vaiana, No. EDCV 16-2516 JGB (SPx), 2017 WL 8183139, at *3 (C.D. Cal. Oct. 19, 2017) (declining to find that the defendants had "automatically consented to the personal jurisdiction of a court included in a website's terms' forum selection clause for third-party disputes related to the site").

Finally, Plaintiff alleges that Defendant Castillo has "solicit[ed] and engag[ed] in numerous commercial transactions with California users."  Compl. ¶ 2.  But "[s]elling products on the internet on a national scale is insufficient to establish personal jurisdiction in any one [forum] without additional evidence of conduct focused on that [forum]."  Wonderful Co., 2021 WL 3598859, at *2.  As discussed above, Plaintiff fails to show Southern California-focused conduct on the part of

---

[1] Even if Defendant Castillo's agreements with third-party entities were applicable to this action, the forum selection clauses contained in those terms and conditions would confer jurisdiction in the Northern District of California.  See Ardalan Decl. Exs. C-E, ECF Nos. 19-4 to -6; Opp'n 8:11-14.  But, for purposes of venue in this copyright action, the relevant inquiry is whether the exercise of personal jurisdiction would be appropriate in the Central District of California.

Defendant Castillo.  Moreover, Plaintiff alleges that
Defendant Castillo's online shop sells Modern Notoriety-
branded streetwear, see Compl. ¶ 10, but Defendant
Castillo's uncontroverted declaration states that none
of the products shown in the Subject Photographs were
ever available for purchase on the Website, see Mot. &
Castillo Decl. ¶ 4.  Any sales to Southern California
residents are thus unconnected to Plaintiff's copyright
claim and cannot support a finding of specific
jurisdiction.  See Walden, 571 U.S. at 284 ("[T]he
defendant's *suit-related conduct* must create a
substantial connection with the forum State." (emphasis
added)); AirWair Int'l Ltd. v. Pull & Bear Espana SA,
No. 19-CV-07641-SI, 2020 WL 2113833, at *4 (N.D. Cal.
May 4, 2020) (rejecting allegations "as irrelevant to
the specific jurisdiction analysis, since those
allegations concern the sale of clothing and not the
'suit-related conduct' of selling the allegedly
infringing shoes").

In sum, Plaintiff has not established that
Defendant Castillo expressly aimed his intentional acts
toward this district.  The only asserted contacts
between Defendant Castillo and Southern California are
too "random, fortuitous, or attenuated" to confer
specific jurisdiction over Defendant Castillo.  Walden,
571 U.S. at 286.  Because Plaintiff has not satisfied
the second prong of the Ninth Circuit's purposeful
direction test, the Court need not address the remaining

requirements for specific jurisdiction.  <u>See</u>
<u>Schwarzenegger</u>, 374 F.3d at 807 n.1 (noting that the
court "need not, and do[es] not, reach the third part of
the [purposeful direction] test" because the plaintiff
failed to establish the express aiming requirement); <u>AMA</u>
<u>Multimedia</u>, 970 F.3d at 1212 n.9 ("Because we hold that
[the plaintiff] has failed to meet its burden on the
first prong of the minimum contacts test regarding
purposeful direction, we do not need to reach the second
and third prongs.").  The Court concludes that Plaintiff
has failed to make a prima facie showing that Defendant
Castillo is subject to this Court's specific
jurisdiction.

Accordingly, because Plaintiff has not established
that this Court has general or specific jurisdiction
over Defendant Castillo within the meaning of the
Copyright Act, venue is not proper in this district.
Where a court determines that venue is improper, it may
either dismiss the action without prejudice or, if it is
"in the interest of justice," transfer the action "to
any district or division in which it could have been
brought."  28 U.S.C. § 1406(a); <u>In re Hall, Bayoutree</u>
<u>Assocs., Ltd.</u>, 939 F.2d 802, 804 (9th Cir. 1991) ("A
determination of improper venue does not go to the
merits of the case and therefore must be without
prejudice.").  Plaintiff does not ask the Court to
transfer this action.  The Court therefore **GRANTS** the
Motion for improper venue and **DISMISSES** the action

against Defendant Castillo without prejudice.

c.   *Jurisdictional Discovery and Leave to Amend*

Plaintiff requests that, if the Court grants the Motion, Plaintiff be afforded the opportunity to conduct jurisdictional discovery and amend its Complaint.  Opp'n 9:27-10:5.  Plaintiff does not explain what discovery requests it intends to propound, let alone how discovery would alter the Court's jurisdictional analysis.  See Boschetto, 539 F.3d at 1020 (affirming the district court's denial of request for jurisdictional discovery where the request "was based on little more than a hunch that [discovery] might yield jurisdictionally relevant facts"); Barantsevich, 954 F. Supp. 2d at 996 ("Jurisdictional discovery need not be allowed . . . if the request amounts merely to a 'fishing expedition.'" (citations omitted)).  Because Plaintiff has failed to show more than speculative allegations of attenuated jurisdictional contacts "in the face of specific denials" made by Defendant Castillo, "the Court need not permit even limited discovery."  Terracom v. Valley Nat'l Bank, 49 F.3d 555, 562 (9th Cir. 1995).  The Court therefore **DENIES** Plaintiff's request for jurisdictional discovery.

Plaintiff has not suggested that it could amend its Complaint to allege additional jurisdictional facts absent jurisdictional discovery, which, as discussed above, is unwarranted.  Accordingly, the Court **DENIES** leave to amend.

### IV.   CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant Castillo's Motion for improper venue pursuant to Rule 12(b)(3) and **DENIES as moot** Defendant Castillo's remaining grounds for dismissal.  Defendant Castillo is **DISMISSED** from this action without prejudice.

**IT IS SO ORDERED.**


DATED: September 15, 2021          /s/ Ronald S.W. Lew
                                 **HONORABLE RONALD S.W. LEW**
                                 Senior U.S. District Judge

## <u>NINTH CIRCUIT REPRESENTATION STATEMENT</u>

Pursuant to Federal Rule of Appellate Procedure 12(b) and Ninth Circuit Rules 12-2 and 3-2(b), undersigned counsel states as follows: One LLP represents Plaintiff and Appellant Backgrid USA, Inc., in this appeal.  Counsel for Plaintiff-Appellant is registered for electronic filing in the Ninth Circuit.  Below is a list identifying all of the parties to the action and their counsel by name, email address, firm, mailing address, and telephone number.

**Attorney for Plaintiff-Appellant Backgrid USA, Inc.:**

Joanna Ardalan
Email: jardalan@onellp.com
ONE LLP
9301 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90210
(310) 866-5157

Peter R Afrasiabi
Email: pafrasiabi@onellp.com
ONE LLP
4000 MacArthur Blvd.
East Tower, Suite 500
Newport Beach, CA 92660
(949) 502-2870

**Defendant-Appellee Oscar Castillo (*Pro Se*):**

Oscar Castillo
6723 North Maplewood Avenue
Chicago, IL 60645
(773) 426-5090

**Defendant Modern Notoriety, Inc.:**

Has not appeared in the action.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

     I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 4000 MacArthur Boulevard, East Tower, Suite 500, Newport Beach, California 92660.

     On October 8, 2021, I caused the document(s) listed below to be served to the address(es) and by the method of service described as follows:

**NOTICE OF APPEAL**

Oscar Castillo
6723 North Maplewood Avenue
Chicago, IL 60645
(773) 426-5090

*Pro Se*

[ X ]        (BY MAIL) I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

     Executed on October 8, 2021 at Newport Beach, California.


_____
Jessica Burr

**PROOF OF SERVICE**